J. B. Akin and Thomas McCay, trading as Akin & Mc-Cay, *v.* Sara McKeown, B. D. J. McKeown, James McKeown and O. D. Bleakley, trading as McKeown Oil Company, Appellants.

*Contract—Evidence—Parol agreement.*

In an action to recover for work done in drilling an oil well which was abandoned before completion because of the breaking of a casing, plaintiffs alleged that the only contract was a verbal one, to furnish labor at a fixed price. Defendants alleged that the parol contract placed upon the plaintiffs the duty of inspection, and that the provisions of the parol contract were precisely the same as those contained in two prior written contracts between the same parties. Defendants offered to show that plaintiffs knew that a written contract had been prepared similar to the other contracts, and that they had promised to sign it. *Held,* that while the terms of the parol contract could not be proved in this way, as plaintiffs had not seen the writing, yet, as tending to show that plaintiffs knew that something more than the price had been agreed upon, and that there was to be a special contract in writing, the evidence was admissible as affecting the credibility of the witness, and as corroborating the testimony produced by the defendants.

Argued Oct. 17, 1898.    Appeal, No. 34, Oct. T., 1895, by defendants, from judgment of C. P. Washington Co., May T., 1897, No. 167, on verdict for plaintiffs.    Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Assumpsit to recover for work done in drilling an oil well. Before McILVAINE, P. J.

At the trial it appeared that the work had been abandoned before completion because of the breaking of a casing.    Defendants claimed that the work had been done under a parol contract which placed upon the plaintiffs the duty of inspection. There was testimony that plaintiffs had done work for the defendants under two written contracts which imposed upon the plaintiffs the duty of inspection.

When I. W. Baum was on the stand, the following offers were made by defendants:

It is offered to prove by the witness on the stand that, as bookkeeper for the McKeown Oil Company, he prepared the contracts in use between Akin & McCay and the McKeown Oil Company previous to the well in question; that about the time that this contract was entered into he prepared a written contract identical with those prepared before and which had been signed by Akin & McCay, and met one of the plaintiffs and told him that "I have another of those contracts," and that he promised to sign it.

Plaintiffs objected to the offer as incompetent and irrelevant.

By the Court: Objection sustained; I do not think it is definite enough; that is, that there is definite enough knowledge brought to Mr. Akin that it was a similar contract to the others, to use his answer as an admission that that was the contract. On request of defendants, exception allowed and bill sealed. [1]

It is offered to prove by the witness on the stand that he was bookkeeper for the McKeown Oil Company during the time that Akin & McCay were employed by them to drill certain wells under contract; that he prepared the contracts, the written contracts which had been signed by the plaintiffs previous to the drilling of the well in controversy; that about the time that the well in controversy was begun he was directed by his employer to prepare a contract for the drilling of that well,

the well in controversy, and did so, which was identical with the contracts previously prepared by him and signed by the plaintiffs, and notified the plaintiff, Mr. Akin, that he had another of those contracts to be signed, and that Mr. Akin replied that he would sign it; or words to that effect; for the purpose of showing that the plaintiffs were drilling the well in controversy under a contract, and not according to any usage or custom.

Plaintiffs objected to the offer as incompetent.

By the Court: Objection sustained; we cannot see how the fact that Mr. Baum went to him with a contract prepared by Mr. Bleakley and signed by him, without informing him of the terms of it, and his statement that he would sign it,—how that would be any admission on the part of Mr. Akin that those terms were correct. On request of defendants, exception allowed and bill sealed. [2]

It is offered to prove by the witness on the stand that he has been in the employ of the defendants during the time that the plaintiffs were employed in drilling wells; that the contracts signed by them, previous to the contract for the well in controversy, had been drawn by him by direction of his employer and submitted to them some time after the contract had been entered into, to be signed, and that they were then signed by the plaintiffs; also that he drew the contract for the well in controversy, identical with these contracts that had been signed by the plaintiffs, and met one of the plaintiffs, Mr. Akin, on the street and told him that he had another of those contracts for signing and that Mr. Akin promised to come down and sign it; for the purpose of showing that this contract was identical with the contracts preceding for the preceding wells, and for the further purpose of contradicting J. B. Akin's testimony to the effect that this well was drilled according to usage or custom; and for the further purpose of showing the manner of drawing the contracts; also, for the further purpose of rebutting any presumption that a specific contract for the drilling of this well was wanting.

Plaintiffs objected to the offer as incompetent.

By the Court: Objection sustained, offer overruled, and on request of defendants, exception allowed and bill sealed. [3]

Defendants' fifth point and the answer thereto were as follows:

5. Under all the evidence in the case the verdict must be for the defendants. *Answer:* Refused. [4]

Verdict and judgment for plaintiffs for $1,686. Defendants appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4) above instruction, quoting it.

*T. F. Birch,* for appellants.—The question of the sufficiency of evidence is for the court; unless that evidence be sufficient, it is error to submit it to the jury: Wilson v. Mitchell, 101 Pa. 495; Silveus v. Porter, 74 Pa. 448; Cauffman v. Long, 82 Pa. 72.

When the question is whether a thing was done or not, the existence of any course of office or business according to which it naturally would or would not have been done, is a relevant fact: Aiken v. Kennison, 58 Vt. 665; Brown v. Clark, 14 Pa. 469; Stevenson v. Stewart, 11 Pa. 307.

*David Sterrett,* for appellees.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The assignments of error to be considered all relate to the exclusion of testimony. The action was to recover for work done in drilling a well, which was abandoned before completion because of the breaking of the casing at a depth of about one thousand feet. It was conceded that the contract was an entire one, and that the plaintiffs were bound to show full performance or facts which would relieve them from it. The casing was furnished by the defendant, and at the trial the real question was whether the plaintiffs had assumed the duty of inspecting it, or were required only to use it as furnished to them. This was to be determined from the contract, and the dispute was as to its terms. The plaintiffs alleged that the only contract was a verbal one, to furnish the labor at a fixed price per foot. They had before drilled two wells for the defendants under written contracts which required them to inspect the casing furnished and, if any defects were found therein, to notify the defendants, and which provided that a failure on their part to inspect the casing or to report defects therein made them responsible for any mishap resulting from its insufficient strength.

The defendants claimed that the contract in question embodied all the terms of the prior contracts, and that it was the understanding that it was to be reduced to writing and signed by the parties.

The contract was made by Mr. McCay, one of the plaintiffs, and Mr. Bleakley, who represented the defendants. Each of these persons had testified as to his recollection of the terms agreed upon, and there was a square conflict in their testimony. Mr. Akin testified that he had been informed of the terms of the contract made by his partner; that it was a contract which imposed no duty of inspection upon them, and that he had signed for his firm the written contracts under which they had drilled the other two wells, and was familiar with their provisions. These, he had said, were unusual; that wells were usually drilled under verbal contracts, which fixed only the price to be paid, and that the details were governed by the well understood usage of the business, and that in drilling or having drilled for him some two hundred wells the only written contracts which he had ever seen were the two between his firm and the defendants.

The defendants' bookkeeper was then called, and offers were made to prove by him that by direction of Mr. Bleakley he had prepared a written contract, and told Mr. Akin that he " had another of those contracts to be signed," and that Mr. Akin had promised to sign it. These offers were in different forms. One of them was defective in not definitely fixing the time of the alleged conversation, and none of them clearly presented to the court the purpose for which we think the testimony should have been received. The terms of the contract could not be proved in this way, as Mr. Akin had not seen the writing; but as tending to show that he knew that something more than the price had been agreed upon, and that there was to be a special contract in writing, this testimony was admissible as affecting his credibility, and as corroborating the testimony produced by the defendants.

The second and third assignments of error are sustained, and the judgment is reversed with a venire facias de novo.